## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| David Ward,<br><br>     Plaintiff,<br><br> -against-<br><br>Experian Information Solutions, Inc.,<br>Trans Union, LLC, and<br>I.C. System, Inc.,<br><br>     Defendant(s). | Case No.: 2:24-cv-13177<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

  Plaintiff David Ward, by and through counsel, and as for this Complaint against Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union") (Experian and Trans Union each a "Bureau," collectively, "Bureaus"), and I.C. System, Inc. ("ICS" or "Furnisher"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

  1. Plaintiff brings this action for damages arising from each Defendant's violations of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA").

  2. Plaintiff also brings this action for damages arising from ICS's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act ("FDCPA").

  3. As described more fully below, each Defendant improperly reported an account on Plaintiff's credit report that was not his.

  4. Plaintiff disputed the account providing the necessary documentation.

  5. Each Defendant failed to remove the account; Plaintiff was thereby damaged.

### JURISDICTION AND VENUE

  6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p et seq. and 15 U.S.C. § 1692 et seq.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

8. Plaintiff is a resident of the State of Michigan, County of Jackson.

9. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

10. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11. Experian is an Ohio corporation registered to do business in this State.

12. Experian may be served with process c/o The Corporation Company, 40600 Ann Arbor Rd E, Ste 201, Plymouth, MI 48170.

13. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

16. Defendant TransUnion is a Delaware corporation registered to do business in this State.

17. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

18. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

19. ICS is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

20. ICS may be served with process c/o The Corporation Company, 40600 Ann Arbor Rd E, Ste 201, Plymouth, MI 48170.

21. ICS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

22. Upon information and belief, ICS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another and/or regularly engages in debt collection.

## FACTUAL ALLEGATIONS

23. Sometime prior to the events relevant here, Plaintiff realized there was an account in his name originating with non-party Comcast-xFinity that they were attempting to collect from Plaintiff.

24. ICS was attempting to collect on the Comcast account from Plaintiff.

25. The Comcast account at issue here ends with account number …7210 ("Account").

26. However, Plaintiff did not open the Account.

27. The Account is not Plaintiff's.

28. The Account belonged to Plaintiff's father.

29. Plaintiff is David Allen Ward and his father was David Lee Ward.

30. Plaintiff's father passed away in November 2022.

31. Plaintiff did not live at the same address as his father nor did plaintiff have any responsibility for the Account.

32. It appears that after Plaintiff's father passed away the Account became delinquent.

33. It appears that Defendants then inaccurately reported the Account on Plaintiff's credit report.

34. The Account was also showing severely delinquent.

35. The Account was also showing as in collections.

36. The Account was appearing on Plaintiff's credit reports with an outstanding balance.

37. Furnisher was reporting the Account to each Bureau.

38. Each Bureau was reporting the Account on Plaintiff's credit report.

39. Each Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

40. Plaintiff did not have service or an account with Comcast in 2022.

41. When Plaintiff became aware the Account was appearing on his credit repot, he contacted the original creditor Comcast.

42. Comcast confirmed this was a mistake and acknowledged the issue but never corrected it.

43. It was clear the Account was not Plaintiff's.

44. Plaintiff disputed the Account online with each Bureau.

45. Plaintiff's disputes were unsuccessful.

46. Plaintiff notified each Bureau that he disputed the accuracy of the information it was reporting in a letter dated August 12, 2024 ("Dispute").

47. Plaintiff's Dispute noted that the Account is not his and it should be deleted from his credit report.

48. Plaintiff also noted it is possible his credit report was mixed with his father's.

49. Plaintiff explained the different names and addresses and that his father recently passed away.

50. Plaintiff provided his social security number and address.

51. Plaintiff included a copy of the Comcast bill showing his father's address.

52. All of this confirmed that the Account was being misreported.

53. Each Bureau was required to notify the Furnisher of Plaintiff's dispute.

54. It appears and is therefore averred that each Bureau notified Furnisher of Plaintiff's dispute.

55. Upon receipt of the dispute of the account by the Plaintiff from each Bureau, Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

56. Had Furnisher done a reasonable investigation it would have been revealed to Furnisher that the Account is inaccurate.

57. A reasonable investigation by each Bureau would have revealed that the Account was being reported inaccurately.

58. This is particularly so because the Plaintiff provided proof from the original creditor.

59. A reasonable investigation by each Defendant would have revealed that the account is being incorrectly reported.

60. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the Account, each Defendant did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

61. Each Bureau violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's Dispute.

62. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

63. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

64. Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

65. Notwithstanding Plaintiff's efforts, each Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

66. Furnisher continued to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continued to be inaccurate and materially misleading.

67. Each Bureau did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

68. Each Defendant knew or should have known the information was inaccurate.

69. Each Defendant was in possession of the documentation of the inaccuracies of the Account yet persisted in reporting it anyway.

70. Upon information and belief, each Bureau did not even request documentation from Furnisher during its investigations of Plaintiff's Dispute.

71. Upon information and belief, Furnisher did not send any documentation to each Bureau during its investigations of Plaintiff's Dispute.

72. None of the Defendants called or emailed Plaintiff to discuss his Dispute during their investigations.

73. Upon information and belief, each Defendant failed to contact the original creditro during their investigation of Plaintiff's Dispute.

74. On information and belief, on a date better known to each Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

75. The information furnished by Furnisher and published by each Bureau improperly, falsely, and inaccurately states the Account information.

76. Each Bureau reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

77. The alleged Account obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

78. The creditor of the Account is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

79. ICS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

80. ICS's collection of the Account was improper.

## Damages

81. As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

82. As a result of ICS's failure to also comply with the FDCPA, Plaintiff has been damaged.

83. Each Defendant's erroneous reporting affected Plaintiff's reputation, creditworthiness, and credit score.

84. Plaintiff suffered damage to his reputation as it falsely appears as if there is a delinquency on an account that belongs to Plaintiff.

85. This falsity was published to numerous third parties.

86. This negative information reflected poorly upon Plaintiff and is incompatible in the proper exercise of Plaintiff's financial affairs.

87. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on

applications for credit, difficulty with sleep, and the mental and emotional pain, anguish, humiliation, and embarrassment of having fraudulent information on his credit report, in his credit file, and for credit denial and its after-effects.

88. Due in whole or in part to Defendants' actions, Plaintiff was unable to secure credit.

### FIRST CAUSE OF ACTION
### (Violations of the FCRA as to each Bureau)

89. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

90. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

91. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

92. Each Bureau violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving each of Plaintiff's Disputes and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

93. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

94. Each Bureau has willfully and recklessly, or in the alternative, negligently, failed to comply with the Act.

95. The failure of each Bureau to comply with the Act include but are not necessarily limited to:

   a. The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c. The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

   d. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation with the furnisher of the information, that the information was inaccurate;

   e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

   f. The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

   g. The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

96. As a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

97. The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

98.	In the alternative, the conduct, action, and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

99.	The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau pursuant to 15 U.S.C. § 1681n and 1681o.

100.	WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n and 1681o.

**SECOND CAUSE OF ACTION**
**(Violations of the FCRA as to Furnisher)**

101.	Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

102.	This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

103.	Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

104.	Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

105.	The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

106.	The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

107. Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

108. Furnisher continued to report this account on the Plaintiff's credit report after being notified of his dispute(s) regarding the inaccuracies in relation to said account(s).

109. As a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

110. The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

111. In the alternative, the conduct, action, and inaction of Furnisher was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

112. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment against Furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n and 1681o.

### THIRD CAUSE OF ACTION
(Violation of the FDCPA as to Furnisher)

113. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

114. ICS's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692e, and 1692f.

115. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

116. ICS violated said section, as described above, in violation of §§ 1692e, 1692e (2), 1692e (5), 1692e (7), 1692e (8), and 1692e (10).

117. Alternatively, ICS's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692f, 1692f (1).

118. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

119. ICS violated this section by unfairly reporting the Account as described above.

120. Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

121. ICS violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

122. Defendant violated said section, as described above, in violation of § 1692d.

123. By reason thereof, ICS is liable to Plaintiff for judgment that ICS's conduct violated Sections 1692d, 1692e, and/or 1692f *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

124. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

**WHEREFORE**, Plaintiff also demands judgment from ICS as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  November 27, 2024

                                       Respectfully submitted,

**STEIN SAKS, PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*